1  Lawrence Brewster, Regional Solicitor
2  Bruce L. Brown, Associate Regional Solicitor
   Email: brown.bruce.l@dol.gov
3  Office of the Solicitor
   U.S. Department of Labor
4  1111 Third Avenue, Suite 945
5  Seattle, Washington 98101
   (206) 553-0940
6

7
              IN THE UNITED STATES DISTRICT COURT
8
              FOR THE EASTERN DISTRICT OF WASHINGTON
9

10
   HILDA L. SOLIS, SECRETARY            )
11 OF LABOR, UNITED STATES              )   CIVIL ACTION
   DEPARTMENT OF LABOR,                 )
12          Plaintiff,                  )   CASE NO. CV-09-5025-EFS
                                        )
13                                      )
            v.                          )   **CONSENT JUDGMENT**
14                                      )
   SUPER CHINA STAR BUFFET, a           )
15 corporation; S & M FULL LOVE         )
   LLC, a corporation dba Bluebird      )
16 China Star Buffet; CHIH-CHENG        )
17 PENG, an individual; and KUANG-      )
   YU PENG, an individual               )
18                                      )
19          Defendants                  )
                                        )
20 _____

21
        Plaintiff has filed her Complaint and Defendants have appeared and have agreed to
22
   the entry of this Order and Judgment without contest. It is, therefore, upon motion of the
23
   Parties, and for cause shown:
24
                                            I
25
        **ORDERED**, that Defendants, their officers, agents, servants, employees and those
26
27 persons in active concert or participation with them be and hereby are permanently

28 enjoined and restrained from violating the provisions of § 15(a)(2) of the Fair Labor

Standards Act of 1938, as amended (29 U.S.C. 201 *et seq.*), hereinafter called "the Act," in the following manners:

**Defendants shall not**, contrary to § 6 of the Act, employ any employees engaged in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, at an hourly rate less than the federal minimum wage, and

**Defendants shall not**, contrary to § 7 of the Act, employ any employees engaged in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless the employee receives compensation for his/her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he/she is employed, and

**Defendants shall not**, contrary to § 11 of the Act, fail to make, keep and preserve records of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations duly promulgated under said § 11(c) at 29 C.F.R. Part 516.

II

**IT IS FURTHER ORDERED** that the Plaintiff recover from Defendants the sum of **$128,000** in gross overtime back wages, plus an additional **$10,000** liquidated damages, as listed and allocated in the attached Exhibit A.  Payment shall be by regular payroll check made **payable in the alternative to the individual employee *or* the U.S. Department of Labor**, and shall be mailed to:

U.S. Department of Labor
Wage Hour Division
1111 Third Ave., Suite 755
Seattle, WA 98101

The checks shall be in the net amount accompanied by a list of the employees for whom the checks represent back wage payment, their Social Security Numbers and the legal deductions made from the gross amounts due, and the employee's last known address. Defendants will be responsible for computing and paying all relevant employer payroll taxes, including any applicable federal, state or local taxes. **Defendants shall make an initial payment of $8,000 within 14 days of the signing of this Consent Judgment**. The balance shall be paid in 23 monthly installments, with the final payment due no later than 24 months after the signing of this Consent Judgment.

Plaintiff shall distribute the monies paid by Defendants under this Judgment to the employees identified in Exhibit A or their estates if that is necessary. Any money not so paid within three years because of inability to locate said employees or because of their refusal to accept said proceeds shall be deposited forthwith with the Treasury of the United States pursuant to 28 U.S.C. 2041.

### III

**IT IS FURTHER ORDERED** that if the Defendants fail to make the payments as set forth above, the Court shall appoint a Receiver. Plaintiff shall provide the Court with the names of potential Receivers. The Court may appoint the Receiver from those offered by the Secretary or may appoint another Receiver at its discretion.

Defendants shall produce to the Court appointed Receiver all books and records and any other information the Receiver requires to carry out the provisions of this Judgment. In addition, the defendants shall submit to a sworn accounting by an independent certified public accountant and/or the Receiver, and shall testify if the accountant or Receiver so decides.

The Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied. Defendants shall bear the full costs and expenses of the Receiver and any accountant retained pursuant to the terms of the above paragraph.

The Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the Defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, to collect it and turn over the proceeds to the Secretary; to analyze all transfers of the Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment and Order.

## IV

**IT IS FURTHER ORDERED** that the rights of any of the Defendants' employees or ex-employees not specifically mentioned in Exhibit A to this Judgment, to back wages under the Act, are neither affected nor extinguished by this Judgment and neither party to the action intends or contemplates that the Judgment entered in this action will affect such rights if any.

V

**IT IS FURTHER ORDERED** that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding. In addition, the Court retains jurisdiction to enforce the terms of this Consent Decree.

DATED this __24th__ day of __April__, 2009.

_s/ Edward F. Shea_
UNITED STATES DISTRICT JUDGE

Presented by:

**UNITED STATES DEPARTMENT OF LABOR**

Carol DeDeo
Deputy Solicitor for National Operations

Lawrence Brewster
Regional Solicitor

Bruce L. Brown
Associate Regional Solicitor

By _Bruce L. Brown_
Bruce L. Brown,
Associate Regional Solicitor
U.S. Dept. of Labor
1111 Third Ave., Suite 945
Seattle, WA 98101

Dated: 4/15/09

**Entry of this Judgment is hereby Consented to:**

x _Kuang Yu Peng_
Kuang-Yu Peng, Individually and as authorized representative of Super China Star Buffet

Dated: 4/1/09

x _Kuang Yu Peng_
Chih-Cheng Peng, Individually and as authorized representative of S & M Full Love, LLC

Dated: 4/1/09

SUPER CHINA STAR BUFFET *et al.* CONSENT JUDGMENT PAGE 5 OF 5

# EXHIBIT "A"

| EMPLOYEE | EMPLOYMENT PERIOD | BACK WAGE |
|---|---|---|
| Alias, Andy | 12/02/06 - 05/03/08 | $ 12,972.69 |
| Callentano, Saul Segundo | 06/23/07 - 08/23/08 | $ 7,313.51 |
| Cruz, Daniel | 08/04/07 - 06/14/08 | $ 16,999.20 |
| De Jesus Farias, Maria | 08/04/07 - 08/23/08 | $ 1,459.77 |
| Dominguez, Enrique | 08/04/07 -08/23/08 | $ 9,471.89 |
| Eka Kurniawan, Fransisco | 08/16/07 - 08/23/08 | $ 763.47 |
| Gonzalez, Santiago | 08/04/07 - 08/23/08 | $ 9,119.12 |
| Kuo, Master | 08/26/06 - 09/16/06 | $ 325.12 |
| Lie, Harayanto | 04/07/07 - 05/05/07 | $ 1,030.77 |
| Lin, Master | 09/09/06 - 01/06/07 | $ 1,397.30 |
| Martinez, Adan Mendez | 03/01/08 - 08/23/08 | $ 2,797.94 |
| Master, Main | 09/16/06 - 02/03/07 | $ 2,190.55 |
| Mateo Cruz, Louis Jose | 04/21/07 - 07/05/08 | $ 6,816.40 |
| Pico, Simon | 02/03/07 - 08/23/08 | $ 11,224.85 |
| Segundo Calletano, Guadalupe | 06/21/08 - 08/23/08 | $ 2,777.00 |
| Tan, Jackson | 08/09/08 - 08/23/08 | $ 763.47 |
| Unknown, Abel | 01/20/07 - 04/14/07 | $ 2,024.73 |
| Unknown, Anthony | 05/05/07 - 03/01/08 | $ 4,255.35 |
| Unknown, Cook | 0804/07 - 08/23/08 | $ 12,539.46 |
| Unknown, Janise | 08/26/06 - 05/05/07 | $ 4,160.47 |
| Unknown, Ji | 08/04/07 -06/14/08 | $ 2,286.51 |

## EXHIBIT "A"

| | | | |
|---|---|---|---:|
| Unknown, Jose | 02/03/07 - 03/31/07 | $ | 827.54 |
| Unknown, Kao | 07/05/08 - 08/02/08 | $ | 966.06 |
| Unknown, Keat | 08/26/06 - 09/30/06 | $ | 1,518.78 |
| Unknown, Lupez | 01/20/07 - 03/31/07 | $ | 1,600.75 |
| Unknown, Robin | 08/26/06 - 01/06/07 | $ | 1,782.85 |
| Unknown, Seno | 09/01/07 - 01/05/08 | $ | 5,078.85 |
| Vasquez, Modesto Gonzalez | 04/07/07 - 08/23/08 | $ | 1,902.92 |
| Yang, Master | 09/02/06 - 02/03/07 | $ | 1,632.78 |
| | **TOTAL:** | **$** | **128,000.00** |